**In re Vernon McCARTY, Debtor.**

**Bankruptcy No. 85–1088–BK–J–11.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Jan. 15, 1987.

Albert H. Mickler, Jacksonville, Fla., for debtor.

Douglas H. Morford, Jacksonville, Fla., for First Union.

## ORDER DENYING CONFIRMATION AND SCHEDULING HEARING PURSUANT TO 11 U.S.C. § 1112

GEORGE L. PROCTOR, Bankruptcy Judge.

At the confirmation hearing on November 4, 1986, the Court found that debtor had satisfied all the requirements of § 1129(a) except subsection (8). Neither secured class number 1, First Union National Bank, f/k/a Atlantic National Bank (hereinafter "First Union") nor secured class number 2, Internal Revenue Service, accepted the proposed plan of reorganization and both classes are impaired under the plan. Accordingly, debtor moved *ore tenus* to cram down the classes pursuant to 11 U.S.C. § 1129(b)(2)(A). Subsequent to the hearing, debtor filed a written motion to cram down class number 1 involving First Union which had filed a timely ballot rejecting the plan.

Debtor's motion for cramdown came on for hearing on December 17, 1986. At the hearing, First Union objected stating that the plan of reorganization as presently constituted was not "fair and equitable" within the meaning of § 1129(b) and could not be confirmed.

First Union holds a first lien on property of the estate pursuant to mortgages dated October 30, 1981, and April 6, 1983. Each mortgage provides that First Union holds a lien on the real property together with all rents, issues, and profits. Additionally, each mortgage prohibits debtor/mortgagor from permitting, committing, or suffering waste, impairment or deterioration of the subject property or any part thereof.

According to the Disclosure Statement approved by this Court, debtor intends to fund his plan of reorganization by conducting excavation operations on the property on which First Union holds a first lien and by selling the soil removed from the property. The plan of reorganization does not provide that the lien of First Union will attach to the proceeds of the sale. In fact, the terms of the plan indicate that the proceeds of sale will be used to fund payments to holders of subordinate liens and unsecured creditors.

 Based upon argument of and memorandum submitted by counsel, the Court finds:

1. Section 1129(b)(2)(A)(ii) allows sale of property subject to liens securing claims provided such liens attach to the proceeds of such sale.

2. The mortgages of First Union against the subject property entitle First Union to a first lien on the real property and on the proceeds from sale of the soil from such property.

3. Debtor's plan of reorganization fails to provide First Union with a lien on the proceeds from sale of the soil or the indubitable equivalent.

4. First Union is entitled to the benefit of its bargain and cannot be forced to finance debtor's plan of reorganization. See *In re Hoff,* 54 B.R. 746 (Bkrtcy., D.N. Dak.1985); *In re Elijah,* 41 B.R. 348 (Bkrtcy., W.D.Mo.1984).

5. Debtor's plan of reorganization discriminates unfairly against First Union and cannot be confirmed over the objection of First Union. See *In re Duplan Corporation,* 9 B.R. 921 (S.D.N.Y.1980).

Accordingly, it is ORDERED as follows:

1. Debtor's motion for confirmation and for cramdown is DENIED;

2. Any party who wishes to bring a motion to dismiss or convert before the Court may do so by the filing of an appropriate pleading. The Court will deal further with motions to dismiss or convert filed by an interested party or *sua sponte*

pursuant to 11 U.S.C. § 105(a) on February 10, 1987, at 1:00 p.m., in Room 240, U.S. Post Office and Courthouse Building, 311 West Monroe Street, Jacksonville, Florida.